DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
The defendant-appellant, Jonick Co., Inc., appeals the judgment of the Elyria Municipal Court that permitted plaintiff-appellee, Michael McFarland, to recover a portion of funds deducted from his wages. We reverse.
McFarland was employed by Jonick Co., Inc., (Jonick) as a truck driver from June 4, 1997, to September 26, 1997. On July 31, 1997, McFarland was dispatched to pick up a load of mill scale from Republic, a shipper located in Canton, Ohio. McFarland received a load consisting of three scoops of mill scale. Republic did not have a scale on site to weigh the load.
Akron police stopped McFarland as he transported the load through Akron, Ohio. Their measurements indicated that the gross weight of McFarland's load exceeded the legal maximum weight of 80,000 pounds by 33,100 pounds. The Akron police cited McFarland for a violation of Akron City Code 74.60 and assessed a fine of $1,153.00. Jonick remitted checks totaling $1213.00 for the full amount of the fine and court costs. Beginning August 1, 1997, Jonick deducted $100.00 per paycheck from McFarland's wages toward repayment of the fine. On September 26, 1997, McFarland terminated his employment at Jonick for unrelated reasons.
On January 21, 1998, McFarland brought a claim against Jonick and Bill Morog to recover all amounts deducted from his paychecks prior to his discharge, totaling $827.55, plus interest.[1]
The case was referred to a magistrate, who concluded that the critical issue was the extent to which McFarland acted negligently in transporting an overload. The magistrate determined that McFarland was forty percent negligent and recommended that he recover sixty percent of the funds deducted from his wages by Jonick. Both parties objected to the magistrate's decision. On December 24, 1998, the trial court overruled the parties' objections, adopted the magistrate's report, and entered judgment in favor of McFarland for $342.35 with 10% postjudgment interest. Jonick timely appealed, raising four assignments of error.
ASSIGNMENT OF ERROR I
 The trial court erred as a matter of law when it found that [Jonick] expressly agreed to pay overload fines to the extent that the fines were not caused by a driver's error or negligence.
The essence of Jonick's first assignment of error is that the trial court incorrectly determined that the issue of the parties' relative negligence in permitting the overload to be transported was determinative in resolving McFarland's claim. We agree.
The trial court derived this conclusion from its interpretation of an acknowledgment signed by McFarland on June 4, 1997, with respect to deductions that Jonick was permitted to make from employee paychecks. That acknowledgment provided:
 I[,] Michael McFarland, authorize Jonick Co., Inc. to deduct from my weekly or final pay said amounts for property damages, theft, fines, and towing charges or any cost submitted to the company through driver error or negligence.
From the language of the acknowledgment, the court determined that Jonick was only authorized to deduct reimbursement payments for fines assessed to a driver to the extent that they resulted from the driver's negligence. Specifically, the findings of fact and law by the magistrate, as adopted by the trial court, provided:
 Although signed prior to a brief interruption in employment, combined with [McFarland's] acquiescence to the deductions, [the acknowledgment] is probative of an agreement in effect between the parties. However, deductions were only to be made to the extent of the "driver's error or negligence."
 Jonick thus also expressly agreed to pay drivers' fines to the extent that the fines were not from "driver's error or negligence." Negligence and error certainly exists by [McFarland], who should have weighed the load on catscales, whether or not Jonick paid. Negligence or error also exists here by Republic, which overloaded the truck. Most importantly, negligence and error clearly exists by Jonick as well, which sent Plaintiff to pick up a load knowing that Republic did not have scales to weigh loads. * * * The Magistrate finds that [McFarland] was forty percent negligent or in error. Thus, [he] was only responsible for $485.20 of the $1213.00 ticket.
(Emphasis in original.)
The plain language of the acknowledgement, however, permitted Jonick "to deduct * * * amounts for * * * fines * * * or any cost submitted to the company through driver error or negligence." This language does not require employee negligence on an underlying violation of the law as a prerequisite for the employee's responsibility to reimburse Jonick for fines paid. In the absence of facial ambiguity, this court will not look beyond the plain language of this agreement. See Aultman Hosp. Assn. v.Community Mut. Ins. Co. (1989), 46 Ohio St.3d 51, syllabus.
The employee handbook distributed to McFarland when he was hired also explained the process through which Jonick would recover payment for fines and specifically designated overload violations as one citation for which the company required reimbursement:
 CITATIONS: In the event a driver should receive a company authorized ccis check for the purpose of payment on any of the below listed violations:
 OVERWEIGHT
 LOAD SHIFT
 MOVING VIOLATIONS
 ANY CITATIONS THAT MAY APPLY
 The company shall exercise its rights for repayment in the following manner:
 The full amount of the said issued citation shall be divided in half with each half deducted from the driver's next two consecutive weekly payroll checks.
 In the event said employee resigns and/or is terminated the balance of the amount regarding said citation shall be deducted from the employee's final paycheck(s), and the employee will be responsible for any balance due.
(Emphasis in original).
 William Rivera, Human Resource Manager at Jonick, testified that in implementing this policy, he is permitted to stretch deductions over a longer period to prevent hardship to an employee. McFarland confirmed that he signed the acknowledgment of Jonick's policy with respect to deducting fines paid from employee paychecks. He stated that he understood that in the event that Jonick advanced funds to pay a fine for a citation incurred by him that the company would be reimbursed via deductions from his pay.
Resolution of this case does not depend on the relative negligence — if any — of the parties. The trial court's decision to the contrary is in error. Accordingly, Jonick's first assignment of error is sustained.
ASSIGNMENT OF ERROR II
 The trial court erred as a matter of law when it found [Jonick] negligent.
ASSIGNMENT OF ERROR III
 Assuming arguendo that [Jonick] was negligent, the negligence of [McFarland] and/or Republic were intervening acts, and the negligence of [Jonick] was not the proximate cause of the overload and resulting citation.
ASSIGNMENT OF ERROR IV
 The trial court's finding that [Jonick] was negligent was against the manifest weight of the evidence.
Jonick's remaining assignments of error are rendered moot by our disposition of the first and, therefore, need not be addressed at this time. See App.R. 12(A)(1)(c).
Jonick's first assignment of error is sustained. The decision of the trial court is reversed, and judgment is hereby entered in favor of Jonick.
Judgment reversed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Elyria Municipal Court, County of Lorain, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellee.
Exceptions.
LYNN C. SLABY, FOR THE COURT
BAIRD, P.J., BATCHELDER, J., CONCUR.
[1] The trial court concluded that there was no basis for holding Mr. Morog personally liable on McFarland's claim and entered judgment in favor of Mr. Morog.